**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ISA UMAROV,<br>Petitioner<br><br>v.<br><br>J.L. JAMISON, *et al.*,<br>Respondents | :<br>:<br>:<br>:<br>:<br>:<br>: | No. 2:26-cv-06153 |

**O R D E R**

**AND NOW,** this 4th day of September, 2026, upon consideration of the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 2;[1] and the Government's Response, ECF No. 5;[2] and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa. January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[3] **IT IS**

---

1 Petitioner Isa Umarov, a dual citizen of Tajikistan and Russia, entered the United States on or about September 2, 2023. *See* Pet. ¶ 1, ECF No. 2. He was detained for approximately eight months, then granted parole and released. *See id.* ¶ 1. Since his release, Umarov has lived in Philadelphia, Pennsylvania. *See id.* He has submitted a timely application for asylum, which remains pending, has attended his immigration court hearings, has obtained employment authorization and a social security card, and has otherwise been a law abiding member of society. *See id.* ¶ 2. On August 20, 2026, Umarov was detained by immigration officials. *See id.* He is being held without a bond hearing. *See id.* ¶¶ 2-5. He filed a habeas petition on August 21, 2026, *see* ECF No. 1, and an amended petition on August 24, 2026, alleging that his detention violates the Immigration and Nationality Act ("INA") and Fifth Amendment due process, *see* Pet. ¶¶ 46-68.

2 On August 25, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) Umarov is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) his detention does not violate Constitutional due process. *See* Resp. 1-2, ECF No. 5 (incorporating Government responses filed in other similar cases).

3 These opinions addressed similar habeas claims and rejected the Government's arguments, which are similar to those brought in the above-captioned action. In a manner consistent with other recent decisions in this District, this Court found that the petitioners'

**ORDERED THAT**:

The Amended Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED in part**,[4] as follows:

1. Petitioner Isa Umarov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8

---

continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required. These opinions are only two of dozens of analogous cases decided in this District.

Two such Eastern District decisions were recently affirmed by the Third Circuit Court of Appeals. *See Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454, and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150. In a precedential opinion issued on August 28, 2026, the Third Circuit rejected the Government's reading of § 1225(b)(2)(A) and found that the detention of all unadmitted noncitizens without a bond hearing is "unlawful under that provision of the INA." *See id.* at 34-37. The Court of Appeals further concluded that "detention without bond hearings violates the Due Process Clause." *Id.* at 38, 42 (explaining that because the petitioners prevailed on their procedural due process claims, the court need not address their substantive due process arguments).

[4] Umarov's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his due process claims. Because the amended petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided. Umarov's suggestion that a bond hearing before an immigration judge is inadequate because they have refused to grant bond, *see* Pet. ¶¶ 40-43, is rejected. *See Hernandez v. Mullin*, No. 3:26cv1152, 2026 U.S. Dist. LEXIS 113052, at *7 (M.D. Pa. May 21, 2026) (rejecting the petitioner's argument that bond hearings before immigration judges are inadequate because they uniformly deny bond and holding that the "court cannot determine whether [the petitioner] will receive constitutionally adequate process in the future[; i]t can only determine that he received constitutionally inadequate process before today"); *Cahuec v. Soto*, No. 25-17389 (GC), 2025 U.S. Dist. LEXIS 254365, at *4 (D.N.J. Dec. 8, 2025) (denying the petitioner's request for immediate release instead of a new bond hearing and refusing to "speculate as to whether, if the Court were to order a bond hearing for Petitioner, the IJ would violate Petitioner's procedural due process rights"). Because Umarov's request for immediate release is denied, so too is his request for return of property. To the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.

U.S.C. § 1226(a);

2. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge